MERCANTILE BANK OF NORFOLK VA. *v.* CAROLINE PETTI-
GREW and others.

A, holds a promissory note for the payment of money on B; B pays off
the note to A, but does not take it up, nor does he take a receipt or
or other acquittance: *Held*, that B cannot maintain an action against
A to have the note delivered up to be cancelled.

In a suit on such note against B and others, endorsers, by A, the en-
dorsee, to which B pleaded payment and demanded in his answer
that the note should be delivered up to be cancelled: *Held*, that not-
withstanding such demand, the plaintiff, A, had a right to take a
judgment of non-suit, if he so elected, as to B.

CIVIL ACTION, tried before his Honor, Judge *Moore*, at De-
cember (Special) Term, 1875, of the Superior Court of HALI-
FAX county.

The following are the facts agreed and sent to this court as
a part of the record:   .

" This was an action upon a promisory note, for the recovery
of money.   The summons was issued April 3d, 1875, return-
able to Spring Term, 1875, of Halifax Superior Court.   The
complaint was duly filed at the return term; in which com-
plaint the plaintiffs alleged, among other things, that the de-
fendant, Caroline Pettigrew, on the 14th of April, 1874, made
her promissory note payable to the order of Baker, Neale &
Sheperd, the other defendants, for $2,399.88, seven months
after date, at the Mercantile Bank of Norfolk, and that there-
after, and before the same fell due, the firm of Baker, Neale &
Sheperd, by endorsement for value, transferred the same to
the plaintiff; that no part of said note has been paid, and that
the same was negotiable under the laws of Virginia.

At the return term, it was agreed, in writing, that the plain-
tiffs should take judgment against all of the defendants ex-
cept Caroline Pettigrew, without prejudice to any cause of ac-
which the plaintiffs have against the said Caroline Pettigrew."

In accordance with this agreement, judgment was rendered against the defendants Baker, Neale & Sheperd for the principal sum of the note with interest.

The defendant, Caroline Pettigrew, filed an answer in which she admitted the execution of the note, but denied that the same was transferred to the plaintiff, as alleged in the complaint, and alleged further, that the same had been paid, and demanded judgment " that the said note be surrendered to her for cancellation, and for costs of this suit.

The plaintiff filed a reply, in which the allegations of the complaint were re-affirmed, and in which it was denied that the said note had been paid.

After the case had been called, and a jury empannelled, and evidence introduced by both parties, the plaintiff moved the court to be allowed to enter judgment of non-suit. The defendant resisted the motion on the ground that she demanded in her answer that the note be delivered up to be cancelled.

The court being of the opinion that the relief demanded was not such affirmative relief as to preclude the right of the plaintiff to elect to enter judgment of non-suit, allowed the motion. Thereupon the defendant appealed.

*Clark*, for appellant.
*Hill*, contra.

READE, J.   A holds a promissory note for the payment of money, on B.   And B pays off the note to A, but does not take it up; nor does he take a receipt or other acquittance. Can B maintain an action against A, to have the note delivered up and cancelled ?

The fact that no precedent can be found for such an action, is strongly against it; for there must have been innumerable instances of such transactions.

A note, which has been paid off, is of no value.   It is not like a title deed for land, which may be recovered.   Nor is it like an unsatisfied bond, or other instrument, which has been obtained by fraud, and which may be decreed to be delivered up and cancelled.   It is simply a worthless piece of paper, which was evidence of a promise which has been performed. It could be worth nothing to B, if he were to recover it.   It is worth nothing to A who keeps it, for if he attempt to recover upon it of B, B can defeat the recovery by the very evidence upon which he would rely in his action to have it delivered up and cancelled, that is, by proof of payment.

And besides, when B paid off the note, it was gross negligence not to take it up, or take a receipt against it.   And his negligence will not be aided by a Court of Equity.

Furthermore, the plaintiff is entitled to hold the note as against the endorsers, as to whom it is not pretended that they have paid it to the plaintiffs.   And as the plaintiffs have taken judgment against the endorsers, the note is, or ought to be, filed as a paper in the cause.   So that, as the defendant could not have recovered in a direct action, his counter-claim to have the note delivered up to be cancelled, is no reason why the plaintiff should not take a non-suit.

There is no error.

PER CURIAM.                          Judgment affirmed.