STATE, EX REL. C., B. & Q. R. CO. ET AL., V. NORTH
LINCOLN STREET RAILWAY CO.

[FILED MAY 18, 1892.]

1. **Action Pending.** The pendency of a former suit between the same parties may be shown in abatement when a judgment in such suit would b₃ a bar to a judgment in the second action.

2. ————: MAY BE PLEADED IN MANDAMUS PROCEEDINGS. The plea of the pendency of another suit in bar is applicable to proceedings in *mandamus*.

*John H. Ames,* and *Marquett & Deweese,* for relators, cited, contending that the pendency of the former suits could not be pleaded in abatement: *Laflin v. Brown,* 7 Met. [Mass.], 576; *Hatch v. Spofford,* 22 Conn., 484; *Downer v. Garland,* 21 Vt., 362; *Craig v. Dougherty,* 45 Mo., 294; *Osborn v. Cloud,* 23 Ia., 104; *Moosic v. R. Co.,* 13 Atl. Rep. [Pa.], 915; *Cox v. Tyler,* 6 Neb., 297, 302; *Smith v. Lathrop,* 84 Am. Dec. [Pa.], 448 and note; *Delahay v. Clement,* 3 Scam. [Ill.], 201; *Bolton v. Landers,* 27 Cal., 184; *People v. Wayne C. C.,* 27 Mich., 406; *Calaveras Co. v. Brockway,* 30 Cal., 325; 3 Blackstone, Com., 110; Tapping, Mandamus, 171; *People v. C. & A. R. Co.,* 67 Ill., 118; *In re Water Power Co.,* 20 N. J. L., 659; *State v. R. Co.,* 39 Minn., 219; *M. & St. P. R. Co. v. Faribault,* 23 Id., 167.

*F. J. Bush,* and *J. R. Webster,* contra, cited: *Long v. State,* 17 Neb., 68; *State v. St. P., M. & O. R. Co.,* 19 Id., 477, 482; High, Ex. Rem., p. 11, sec. 7; Id., 151, 167; *People v. Chicago,* 53 Ill., 424; 4 Wait, A. & D., 376; *U. S. v. Bank,* 1 Cranch [D. C.], 7; *State v. Graves,* 19 Md., 351; *Smith v. Chicago, etc., R. Co.,* 67 Ill., 191; *U. S. v. Com.,* 5 Wall. [U. S.], 563; *R. Co. v. Wyandott,* 7 O. St., 278; *Ex parte Fleming,* 4 Hill [N. Y.], 581; *State v.*

Co. Judge, 12 Ia., 237; Puckett v. White, 22 Tex., 559; Ex parte Newman, 14 Wall [U. S.], 152; Mansfield v. Fuller, 50 Mo., 338; Regina v. Justices, 28 Eng. L. & Eq., 160; King v. Water-works Co., 6 A. & E. [Eng.], 355; People v. Supervisors, 12 Barb. [N Y.], 217; Tarver v. Coms., 17 Ala., 527; People v. Thompson, 25 Barb. [N. Y.], 73; People v. Head, 25 Ill., 325; Legg v. Mayor, 42 Md., 203; Maxwell, Pl. & Pr., 730; People v. Com. Council, 53 Ill., 424; People v. Warfield, 20 Id., 165; People v. Wiant, 48 Id., 268; T. & P. R. Co. v. St. Ry. Co., 64 Tex., 83; Brown v. Duplessis, 14 La. Ann., 854; St. Ry. Co. v. Cumminsville, 14 O. St., 528; Hobart v. Mil. City R. Co., 27 Wis., 198; Eichels v. St. Ry. Co., 78 Ind., 266; Hinchman v. St. Ry. Co., 17 N. J. Eq., 75; Eliott v R. Co., 32 Conn., 579; Market St. R. Co. v. Cent. R. Co., 51 Cal., 583.

NORVAL, J.

This is an original application for a peremptory mandamus to compel the respondent to take up and remove its tracks, etc., where the same crosses the grounds of the relators, to restore said grounds and tracks to their former condition, and to require the respondent, if it shall desire to cross relators' right of way, to effect such crossing by means of a bridge or viaduct of sufficient dimensions and height as not to interfere with the safe operation of relators' trains. A demurrer to the information was overruled pro forma, whereupon the respondent answered to the merits, and also pleaded the pendency of another suit between the same parties in bar. Subsequently the cause was referred to S. J. Tuttle, Esq., to take the testimony and report the same with his findings of fact thereon. Upon the filing of the report of the referee exceptions thereto were filed by the respondent, and the cause was submitted to the court.

In 1890, the respondent constructed a line of street railway across the tracks, rights of way, and grounds of the re-

636 NEBRASKA REPORTS. [VOL. 34

State, ex rel. C., B. & Q. R. Co., v. N. Lincoln St. Ry. Co.

lators in the city of Lincoln where Eleventh street crosses said grounds. The relators having refused permission to cross their tracks at said place at grade, the respondent brought suit in the district court of Lancaster county against the relators and the Fremont, Elkhorn & Missouri Valley Railway Company, to enjoin each of them from impeding or interfering with the North Lincoln Street Railway Company in the construction of its road across their grounds. The relators each filed an answer and cross-petition in said cause, with prayer that the street railway company be enjoined from constructing its line across their roads at the point in controversy. A temporary order of injunction was allowed the plaintiff in said action by one of the judges in the district court, and on application of the Missouri Pacific Railway Company a restraining order was issued against the street railway company, which was subsequently vacated and discharged by the judge granting the same. A temporary injunction or restraining order, on application of the Chicago, Burlington & Quincy Railroad Company, was allowed by the writer against the plaintiff in said cause and set for hearing before Hon. A. W. Field, one of the judges of the district court of Lancaster county, which upon hearing was vacated by said judge. The suit brought in the district court by the respondent is still pending and undetermined, and during its pendency this proceeding was brought.

It also appears that the relators had constructed on their rights of way, where respondent's line crosses the same, numerous main and side tracks, all of which were necessary for carrying on their business, and were and are constantly used for such purpose; that upon an average 275 engines with and without cars attached, and 220 vehicles drawn by animals pass over the crossing in question each twenty-four hours; that on account of the frequency of the passing of engines and teams at said point the crossing of relators' tracks by the respondent's road at grade is danger-

ous; that it is feasible and practicable to construct a viaduct over relators' grounds and tracks at Eleventh street suitable for the accommodation of the street car line and the traveling public, and that the relators are willing to bear an equitable proportion of the cost of constructing the same.

The record discloses that the rights in controversy in the present case are substantially the same as those involved in the said suit now pending in the district court, and that · the respondent's tracks, which are sought by this proceeding to be torn up and removed, were constructed under the protection and aid of a mandatory injunction and order or writ of assistance granted the respondent by the district court. It cannot be doubted that that court acquired jurisdiction of the subject-matter of the controversy, and it has the power, upon a final hearing of the cause, to determine the rights of the respective parties. It may be that some of its rulings and orders are erroneous, which we do not now determine, but if such is the case they may be corrected by that court by its decision upon the merits. At any rate they cannot be reviewed in a proceeding by a *mandamus*, but can be corrected only by proper proceedings brought for that purpose after the final determination of the cause. (*State v. Nemaha Co.*, 10 Neb., 32; *State v. Powell*, Id., 48; *State v. Kinkaid*, 23 Id., 641.)

It may be safely stated that, as a general rule, the pendency of a former action between the same parties may be shown in abatement, where a judgment in such suit would be a bar to a judgment in the second suit brought in another court of concurrent jurisdiction. That one is an equitable action and the other a suit at law is immaterial, so long as both suits are based upon substantially the same facts. Cases are to be found in the books, some of which are cited in relator's brief, which hold that the plea of the pendency of a prior action is not good when the proceedings are not identical or the forms of the actions are not the same in both suits. In other words, the pendency of an

action at law will not abate a suit in equity, and *vice versa*. But such rule is not sustained by the current of modern authorities and there is no good reason why it should obtain in this state under the Code, where the forms of procedure, which, under the old system of practice, distinguished legal and equitable actions, are abolished.

In *Ex parte Bushnell*, 8 O. St., 601, the court says: "It ·is a rule founded upon the comity which does, and, for the prevention of unpleasant collisions, should always subsist between judicial tribunals, that where a court of general jurisdiction, and legally competent to determine its own jurisdiction, *de facto*, over persons and subject-matter, no other court will interfere with, or seek to arrest its action, while the case is still pending and undetermined."

The courts of California adhere to the doctrine that the writ of *mandamus* is a high prerogative writ, and not subject to a plea in abatement. But in this state *mandamus* is a civil action, and being such, the plea of ·the pendency of another suit in bar is as applicable to it as to any other civil action.

The precise question was considered by this court in *State v. Matley*, 17 Neb., 564. That was an application for a *mandamus* to compel the county clerk and board of canvassers of Garfield county, to reconvene and canvass the ' votes cast at an election held in said county for county seat. An alternative writ was issued, the board canvassed the votes and made proper return thereof. On the return day of the writ certain citizens of the county intervened and pleaded in abatement that, at the time the application for *mandamus* was made, a contest of said election was pending and undetermined. The writ was recalled, and all the proceedings thereunder set aside. The court in the opinion say: "The whole theory of our civil procedure is to avoid a multiplicity of suits, hence the plea of another action pending between the same parties and for the same cause of action is a good plea in abatement. A proceeding

to contest an election is substantially an action, and as it was pending when the proceeding was instituted, that remedy must be exhausted before relief will be granted in this."

The supreme court of Illinois in passing upon the same question, in *People v. City of Chicago*, 53 Ill., 424, says: "It is made to appear to the court in this proceeding that at the time of filing the petition of the relators for the alternative writ of *mandamus* there was pending in the circuit court of Cook county a suit in chancery instituted by these relators against the common council of the city of Chicago, the various other city officers, and the company who published the *Volks Zeitung*, the German newspaper alleged to have been designated by the common council to publish its proceedings.  *  *  *  While there may be grave doubts whether a court of chancery would take jurisdiction for the mere purpose of compelling the proper execution of the law in question on the part of the common council, yet, having acquired jurisdiction for a purpose clearly within the province of a court of chancery—that of avoiding an injunction, it may retain the bill for the purpose of ascertaining and enforcing all the rights of the parties.  *  *  *  The relators having resorted to a court of chancery in such manner as gives to that court full jurisdiction to adjust and enforce the rights of all the parties interested in this controversy, it would be improper for us to undertake to settle the questions involved in that suit in the mode desired."

As sustaining the same proposition we cite *People v. Warfield*, 20 Ill., 159; *People v. Wiant*, 48 Id., 268; *Kendall v. Stokes*, 3 How. [U. S.], 99.

The same questions are sought to be litigated in this suit as in the former suit now pending and undetermined in the district court, and all the parties to the present controversy are parties to that. It is immaterial that the former suit was brought by the respondent. The relators appeared therein, filed cross-bills setting up substantially the same

matters as contained in the relation herein, and asked for affirmative relief. It is obvious that a final adjudication of the rights of the litigants in that action would be a bar to this. To award a peremptory *mandamus* requiring the respondent to take up its tracks at the point in dispute, would be to command it to undo what it has done under the interlocutory orders of the district court. To do so would in effect reverse the orders of said court, before the final determination of the case, and, as we have seen, this is not allowable in a *mandamus* proceeding. Both actions should not proceed at the same time. The district court having first acquired jurisdiction of the subject-matter and the parties, this action cannot be maintained pending that suit. The proceedings are

DISMISSED.

THE other judges concur.