WILLIAM BROWN, APPELLANT, V. VICTOR REED, APPELLEE.

FILED JUNE 9, 1904.   No. 13,482.

1. **Equity.** Where an adequate remedy exists at law equity will not assume jurisdiction.

2. **Evidence** examined, and *held* to sustain the findings and judgment of the district court.

APPEAL from the district court for Boone county: JAMES N. PAUL, JUDGE. *Affirmed.*

*H. C. Vail* and *Rose Bros. & Reid,* for appellant.

*R. F. Williams, contra.*

LETTON, C.

This is an equity proceeding brought by William Brown as plaintiff, hereinafter named the plaintiff, against Victor Reed as defendant, hereinafter named the defendant, for the purpose of obtaining an injunction to restrain the defendant from driving away the plaintiff's cattle from certain fields of cornstalks and from certain yards, feed pens and water tanks of defendant, and from preventing the plaintiff's cattle from having access to and being fed certain straw and cornstalks, which the plaintiff alleges were the joint property of the plaintiff and defendant. In substance, the plaintiff's claim is that he and the defendant, who both reside in Nance county, Nebraska, and are each engaged to some extent in the business of feeding and raising live stock, the plaintiff owning at this time about 105 head of cattle and defendant about 60 head, made an agreement whereby the cornstalks and straw situated upon certain sections of land in Boone county should be purchased for their joint benefit; that the defendant would furnish yards and water for said cattle upon land he owned in section 12 in Boone county; that the plaintiff would furnish additional water tanks, feed racks and wind-

breaks for all of the stock, and that a man should be hired to care for the stock whose wages should be paid jointly; that the plaintiff furnished the tanks, erected the feed racks and wind breaks upon the defendant's place; that a man was hired by both parties, and that the plaintiff paid for his share of the cornstalks and straw and drove his cattle to the defendant's premises in accordance with the agreement, but that the defendant wrongfully drove the plaintiff's cattle away and refused to allow them to remain on the premises. The evidence on the part of the plaintiff, if it stood alone, tends to substantiate this contention. The defendant's evidence, however, is in substance to the effect: That early in September, 1901, he had purchased the straw, feed and cornstalks situated upon section 13 in Nance county, Nebraska, from one Eli Harvey, the foreman of P. D. Smith, who was the owner of the land. That shortly afterwards he was in Genoa, Nance county, in the plaintiff's saloon, and in the course of conversation mentioned the fact that he had bought this feed, or "roughness," as it was called. That the plaintiff asked him if he could buy some in that locality for him, as he had about a hundred head of cattle he desired to winter, and that at the plaintiff's request the defendant bought from Harvey for him for $70 a number of straw stacks situated on section 15 in Nance county, also belonging to P. D. Smith, and that the plaintiff paid the defendant the $70 which he had expended in this purchase. That afterwards arrangements were made between them whereby the defendant agreed to let the plaintiff put his cattle with the defendants; that they should hire a man jointly to herd them; that the defendant would allow them to be kept in his corral, and that the plaintiff should furnish such additional feed racks and water tanks as were made necessary by the bringing of his cattle there, the defendant having sufficient appliances in the way of feed racks, water tanks and windmill to care for his own cattle, but not for the additional number if plaintiff's were added.

It was a condition of the sale of the stalks by Harvey. that no cattle with cockle burrs upon them should be allowed on the place, and the defendant's testimony goes to show that it was made a condition by the defendant that the plaintiff's cattle should be native cattle and be free from cockle burrs. The plaintiff's cattle were driven to the defendant's place in the latter part of November, 1901. The defendant had Mr. Kilham, the hired man, write the plaintiff a letter to the effect that his cattle had come; that he had said they were free from cockle burrs, and that they were full of burrs, and refusing to allow them to come into the stalks until the burrs were taken out, telling him he would have to go up there and attend to it; and the next day the defendant drove to Genoa and told the plaintiff that he must take his cattle home. Plaintiff failing to do this, defendant drove them to the farm of the plaintiff's father and refused to allow them on his place. The trial court found generally for the defendant, dismissed the action and dissolved the temporary injunction which had been granted.

We are unable to see any grounds for the interposition of a court of equity in behalf of the plaintiff in this case. He has utterly failed to show that he is without an adequate remedy at law.

There is no allegation in the petition that the defendant is insolvent, and the evidence shows that he is financially able to respond for any damages which the plaintiff may have suffered. There is no testimony in the record except the mere statement by the plaintiff, that he did not know of any other feed of like nature to be procured in the neighborhood, to show that he might not have bought in the open market all the feed necessary for his cattle, and that the ordinary process of law would not afford him a full and adequate remedy for all loss which he might suffer. There is evidence on the part of the defendant to show that there was plenty of feed in the immediate neighborhood which he might have procured. In fact, Harvey testifies that he had plenty of stalks on section

15 that he wanted to sell and that in February he sold 105 acres of stalks to the defendant. Aside from these considerations, however, we are of the opinion that the plaintiff has failed to sustain the burden of proof which rests upon him. A large part of the testimony of his witnesses is reconcilable with the defendant's theory of the transaction, and the documentary evidence strongly tends to substantiate the defendant's position. The trial court with all the witnesses before it found for the defendant, and we are satisfied that its decision upon the facts and law of the whole case was correct and should be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.