MARY BUCK, APPELLEE, V. VILLAGE OF DAVENPORT,
APPELLANT.

95 N. W. 2d 488

Filed March 20, 1959. No. 34527.

W. O. Baldwin and John L. Richards, for appellant.

Keenan & Corbitt, for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAP-
PELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an appeal from an adjudication that denied
appellee an injunction but awarded her a money judg-
ment against the village of Davenport for damages.
The defendants in the district court were the village,
the members of the board of trustees, and two employees
of the village whose duties concerned the maintenance
and operation of the sewer system of the village. The
only parties to this appeal are the village as appellant
and appellee. The mention herein of allegations made
in the causes of action concerning the village must be
understood to have been made in the amended petition
against all defendants in the trial court.

The first cause of action of the amended petition
contains these statements: Appellee is the owner of
two described lots in Davenport. The village owns,
operates, and maintains a sewer system within its cor-

porate territory. The property of appellee is connected by a lateral to the main sewer line which is located in front of her property. The lateral has an opening in the basement of the home of appellee and extends from there to the main sewer. This connection was made in 1938. The village collects and appellee pays a monthly sewer use charge to the village. It has exclusive control of the operation and maintenance of its sewer system and is charged with the proper and sufficient operation and maintenance of it. The main sewer line of the village, because of the negligence and indifference of the village, was permitted to become and be stopped up, and the sewer on November 24, 1955, flooded the basement in the home of appellee located on the lots owned by her. The flooding of the basement caused extensive damage thereto. Appellee notified an employee of the village whose duties were concerned with the operation and maintenance of the sewer system that there were indications on her property that the sewer was becoming obstructed 3 days before the flooding occurred. The village made no effort to ascertain the condition of the sewer or to correct it but negligently and carelessly permitted and allowed the main sewer line to become and it was completely obstructed for a period of 8 hours on November 24, 1955. The contents of the sewer system backed up, entered, and flooded the basement to a depth of about 2 feet. The floor and walls of the basement were covered with filth which gave off foul odors and noxious gases. The odors therefrom have continued and permeate the entire home of appellee. The obstruction in the main sewer line and the damages sustained by appellee were caused by the negligence of the village because of its failure to properly maintain the sewer when it knew or should have known that it was out of operating condition and in permitting it to become and remain completely obstructed. Appellee alleged in detail the damage she claims to have sustained.

The second cause of action incorporated the allegations of the first cause of action by reference thereto and contains these additional statements: The village, with knowledge of an obstruction in the main sewer line below the connection with it of the lateral from the property of appellee, did not correct the condition and permitted the sewer to again be wholly obstructed and the sewage from it backed up a second time into the basement of appellee on June 14, 1956. The basement was again coated with filth and slime, and the village was negligent in failing to remove the obstruction in the sewer promptly after notice and knowledge of it. Appellee specified the damages she claims on account of the second flooding by the sewer of her property. The improper condition of the sewer has not been repaired or corrected, and it constitutes a continuing and recurring threat of flooding the property of appellee. Appellee has no adequate remedy at law and is entitled to a mandatory injunction requiring the village to repair and maintain its sewer system so that the property of appellee will not be flooded by it and so that it will perform the function for which it exists. The prayer of appellee is for an injunction and a judgment for the damages alleged by appellee.

The answer was in substance a denial of the charges made by appellee in her amended petition and a plea that any damages sustained by appellee as mentioned therein were caused or were contributed to by her negligence. A reply in substance denied the new matter in the answer.

The district court found that appellee was not entitled to an injunction but that appellee was entitled to damages in the amount of $600 against the village of Davenport. A judgment denying an injunction and awarding appellee a money judgment for $600 against the village was rendered. A motion for a new trial was denied and the village prosecutes this appeal.

Appellee joined a cause of action for injunction with

causes of action for damages. She sought, on the basis
of her request for an injunction, equitable relief. It
was because of this that the trial court denied a request
for a jury trial made by appellant and heard and decided
the case without the participation of a jury. The trial
court found there was a failure to establish any basis for
the granting of the injunction appellee sought. The
effect of this was the trial court found and adjudicated
that appellee was not entitled to any equitable relief in
the case and because thereof the court was without
authority to determine the legal causes of action alleged
by appellee without the presence of a jury. If a cause
of action for equitable relief and a cause of action at
law are joined in a cause and equitable relief is en-
tirely denied, the court is without authority to deter-
mine the issue of personal liability and render a judg-
ment in the cause of action at law. In such a situation
the cause of action at law must be determined as any
other law action and should be retained by the court
and tried to a jury. The decision and disposition of
this appeal is dictated and made mandatory by the
opinion of Gillespie v. Hynes, *ante* p. 49, 95 N. W.
2d 457. In accordance with that decision the trial court,
when it concluded appellee had presented no basis for
equitable relief, should have continued the case and
retained it for trial of the issue as to damages to a
jury as any other law action is tried.

There is no claim that appellant consented to trial
of the issue as to damages by the court without a
jury. Appellant requested a trial by jury in the action
and this was refused. Its conduct was consistent with
that attitude during the subsequent proceedings. At
the close of the case of appellee and again when the
parties rested appellant sought by motion a dismissal
of the case. Neither of these motions was decided by
the court. The case was taken under advisement and
later by a single act and contemporaneously equitable
relief was denied and a money judgment was rendered.

There was no waiver of trial of the issue of damages by a jury. The action of the trial court denying an injunction was correct because of the insufficiency of evidence in that regard.

The part of the judgment denying an injunction should be and it is affirmed and the part thereof granting appellee a money judgment against appellant is reversed and the cause is remanded with directions to the district court for Thayer County to try the issue of damages involved in this case to a jury as in any other law action.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

MESSMORE, J., participating on briefs.

SIMMONS, C. J., dissenting.

Here again a trial court is held to have committed prejudicial error in following a long line of decisions of this court.

For the applicable reasons given in my dissent in Gillespie v. Hynes, *ante* p. 49, 95 N. W. 2d 461, I dissent here.