GLENN O. JOURDON, APPELLANT, v. THE COMMONWEALTH COMPANY, A CORPORATION, APPELLEE.

100 N. W. 2d 84

Filed December 24, 1959. No. 34626.

*Ewald D. Warnsholz*, for appellant.

*Ginsburg, Rosenberg & Ginsburg* and *Norman M. Krivosha*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellee was at all times important to this litigation a corporation authorized by license issued to it by the State of Nebraska to engage in transactions by virtue of and subject to the conditions and limitations of the Industrial Loan and Investment Company Act. §§ 8-401 to 8-433, R. R. S. 1943. Appellee permitted appellant to become obligated to appellee on seven promissory notes, payable to its order, and executed and delivered to it by appellant, as follows:

1. A note dated April 8, 1954, for the sum of $1,444, payable in 2 monthly installments the last of which was due June 8, 1954. The amount of this note was wholly paid by August 7, 1954, and the note was canceled by appellee and surrendered to appellant August 18, 1954.

2. A note dated April 17, 1954, for the sum of $1,601, payable in 2 monthly installments the last of which was due June 17, 1954. The amount of this note was satisfied in part by a credit thereon of the amount of two notes given appellee by appellant each dated August 3, 1954, hereafter described, one in the sum of $700 and the other in the sum of $575. The amount of the note of April 17, 1954, was wholly paid by August 7, 1954, and the note was canceled by appellee and returned to appellant.

3. A note dated June 24, 1954, for the sum of $1,330, payable in 2 monthly installments the last of which was due August 24, 1954. The amount of this note was

satisfied in part by a credit thereon for the sum of $1,107 of a note given appellee by appellant dated November 15, 1954, hereafter described, in the sum of $1,755.66. The amount of the note of June 24, 1954, was wholly paid by November 15, 1954, and the note was by appellee canceled and returned to appellant.

4. A note dated August 3, 1954, for the sum of $700, payable in 12 monthly installments the last of which was due August 3, 1955. The amount of this note was paid by July 26, 1955, and the note was by appellee canceled and returned to appellant.

5. A note dated August 3, 1954, for the sum of $575, payable in 2 monthly installments the last of which was due October 3, 1954. The amount of this note was satisfied in part by a credit thereon in the sum of $575 of a note given appellee by appellant dated November 15, 1954, hereafter described, in the sum of $1,755.66. The note of August 3, 1954, for $575 was by November 15, 1954, paid and it was by appellee canceled and returned to appellant.

6. A note dated November 15, 1954, for the sum of $1,755.66, payable in 12 monthly installments the amount of which note was satisfied in part by a credit thereon of the sum of $915.88 of a note given appellee by appellant dated August 2, 1955, hereafter described, in the sum of $958.23. The note of November 15, 1954, for the sum of $1,755.66 was paid by August 2, 1955, and it was canceled and returned to appellant.

7. A note dated August 2, 1955, for the sum of $958.23, payable in 18 monthly installments the last of which was due February 2, 1957. The only part of this note which has been paid was $20.39 paid in cash by appellant October 12, 1955.

Each of the notes contained the following: "Agreed rate of charges on unpaid principal balance until maturity as follows: 100% of the following rates, 3% per month on that part of the unpaid principal balance not in excess of $50.00; 1½% per month on any part of the

principal balance exceeding $50.00 but not exceeding $550.00; ¾ of 1% per month on that part of the principal balance exceeding $550.00; charges to be computed on the basis of number of days actually elapsed, a month being any period of 30 consecutive days and the daily rate 1/30 of the monthly rate. * * * This note is made pursuant to the provisions of article 4 of chapter 8 of the Revised Statutes of Nebraska, 1943, as amended, and is to be construed strictly in accordance with the terms and provisions thereof, and subject thereto."

The first cause of action of the second amended petition of appellant concerns only six notes, 1 to 6, described above. It alleged substantially the matters recited above and appellant also therein pleaded the following: The interest designated on the face of each of the said notes given by appellant to appellee and all interest charges paid by appellant on each of the notes were in excess of the maximum rates prescribed by section 8-418, R. R. S. 1943. Appellee induced and permitted appellant to enter into the six separate loan contracts (described herein as promissory notes) and two or more of them were wholly or partially in effect from April 8, 1954, to August 2, 1955, for the purpose of permitting appellee to obtain and receive higher rates of interest than were provided in section 8-418, R. R. S. 1943, and in direct violation of the provisions of section 8-419, R. R. S. 1943. The six promissory notes and the payments made thereon were void and uncollectible but appellant paid the notes in full and they were canceled by appellee on or about the date when final payment was made as recited above. The promissory note dated November 15, 1954, in the principal sum of $1,755.66 made by appellant to appellee was void and uncollectible because it included charges accrued more than 60 days previously in connection with the note dated June 24, 1954, in the principal amount of $1,330 made by appellant to appellee. The six loan contracts were void and appellee had no right to collect and re-

ceive any principal, interest, or charges thereon or on any of them. Appellant paid to appellee on note No. 1, $1,486.19; on note No. 2, $1,661.78; on note No. 3, $1,401.10; on note No. 4, $783.42; on note No. 5, $602.67; and on note No. 6, $1,928.91. Appellee holds in trust for and is indebted to appellant for all sums of money actually paid by him to appellee and received and accepted by it, with legal interest thereon.

The relief asked on the basis of the first cause of action was an adjudication that the notes were void and for a judgment in favor of appellant against appellee for all payments made thereon with legal interest.

The answer of appellee to the first cause of action of appellant to the extent necessary to be repeated here was in substance the following: An admission of the corporate status of appellee; that it was licensed as an industrial loan and investment company on August 12, 1941, by the state; and that the promissory notes described in the first cause of action were canceled by appellee. A denial of the other allegations of the first cause of action. A plea that all of said promissory notes were prior to and at the time of the commencement of the action in the possession of appellant, marked canceled by appellee, and delivered by it to appellant. This was done long before any claim of appellant, as alleged in this litigation, was made by him against appellee. The canceled notes were accepted by appellant, were fully extinguished, and were in the absolute control and possession of him before and at the time of the commencement of this case. Appellee did not induce or permit appellant to become liable on more than one contract of loan at the same time for the purpose of obtaining a higher rate of interest than would have been permitted if the obligations of appellant had been consolidated into one obligation but the loans were made and the notes executed at the express request, direction, and solicitation of appellant for his sole benefit, accommodation, and convenience in con-

ducting his several businesses and activities. A defense that the purported cause of action of appellant accrued more than 2 years before the institution of this action by him, is for the recovery of a forfeiture and a penalty, is required to be brought within 1 year from the date of the accrual of the cause of action, and the alleged cause of action is barred by the statute of limitations of this state. The answer also interposed the assertion that the district court as a court of equity had no jurisdiction to entertain the action because appellant had an adequate remedy at law and he had not pleaded grounds for equitable relief. The prayer was for dismissal of the first cause of action.

The trial court found for appellee and rendered a judgment of dismissal of the first cause of action of appellant. His motion for new trial was denied and he has prosecuted this appeal.

Section 8-418, R. R. S. 1943, is as follows: "Any industrial loan and investment company may contract and receive on any loan, charges including interest at graduated rates not exceeding thirty-six per cent per annum on that part of the unpaid principal balance on any loan not in excess of fifty dollars; not exceeding eighteen per cent per annum on that part of the unpaid principal balance on any loan in excess of fifty dollars and not in excess of five hundred and fifty dollars; not exceeding nine per cent per annum on that part of the unpaid principal balance on any loan in excess of five hundred and fifty dollars and not in excess of five thousand dollars; Provided, that such graduated rates shall be computed strictly as simple interest on the unpaid principal balance for the time actually outstanding."

Section 8-419, R. R. S. 1943, states: "No industrial loan and investment company shall induce or permit any person, nor any husband and wife, jointly or severally, to become obligated, directly or contingently or both, under more than one contract of loan at the same time for the purpose of obtaining a higher rate of charge

than would be permitted if all of the obligations of such person to such company were consolidated into one obligation."

The pertinent part of section 8-432, R. R. S. 1943, is as follows: "If the industrial loan and investment company shall fail to comply with any of the provisions of sections 8-418 to 8-433, in the making or collection of any loan which is subject to said sections, the loan shall be void and the lender shall have no right to collect and receive any principal, interest or charges."

Appellee asserted in its answer to the first cause of action that the district court as a court of equity had no authority to hear or determine that cause of action, that there were no grounds pleaded for equitable relief, and that appellant had no right of action in equity. The substance of this was presented to the court by motion of appellee at the close of the case-in-chief of appellant but the trial court reserved ruling thereon.

The six notes of appellant representing loans made to him by appellee described in the first cause of action were paid to, canceled, and surrendered by it to appellant before the commencement of this action. The chattel mortgages incident to and security for the payment of the notes were likewise canceled and surrendered by appellee to appellant at the time when the notes were. These have since been in his unconditional possession and control. There were no notes as described in the first cause of action when this litigation had its inception. They had been extinguished. They then had no value or effect and were capable of no hazard or loss to appellant or of any benefit to anyone.

The situation considered in Mercantile Bank v. Pettigrew, 74 N. C. 326, was that the maker of a promissory note had paid it but the note was not surrendered to her and she secured no receipt or other written acquittance. The maker sought an adjudication that the note be surrendered to her for cancellation. Judgment of nonsuit was rendered in the case. The court concluded:

"The fact that no precedent can be found for such an action, is strongly against it * * *. A note, which has been paid off, is of no value. * * * It is simply a worthless piece of paper, which was evidence of a promise which has been performed. It could be worth nothing to B (the maker), if he were to recover it. It is worth nothing to A (the holder) who keeps it, for if he attempt to recover upon it of B, B can defeat the recovery by the very evidence upon which he would rely in his action to have it delivered up and cancelled, that is, by proof of payment."

The first cause of action asserted only these circumstances: Appellant gave six promissory notes to appellee on account of loans made by it to appellant. The loans were made under and subject to the industrial and investment statute of the state. The interest charges exacted by the terms of each of the notes were in excess of those permitted by the statute, hence the notes were void, and appellee was not entitled to collect or receive any of the principal, interest, or charges evidenced by the notes. Appellant paid the notes in the exact amounts stated in his pleading and he pleads he is entitled to recover judgment against appellee for the sum of the total amount paid by him, together with the legal interest. Appellant prayed judgment against appellee for the amount it received from appellant in payment of the notes and he prayed judgment that the notes were void.

Appellant did not even assert in his pleading for a judgment for money only by a court exercising equitable powers that he did not have an adequate remedy at law for the recovery of the money he claims. He did not plead a cause of action in equity or any cause of action except one for the recovery of money only. An action at law was adequate to accomplish that result, and the absence of an adjudication in equity that the notes violated the statute and were void could in no manner or degree prejudice the adequacy of the remedy

at law for the recovery of the money from appellee. If the facts alleged in the first cause of action were supported in a court of law, it would be imperative that the court accord appellant the benefit of the illegality of the notes and all consequences legally flowing therefrom. See Powell v. Edwards, 162 Neb. 11, 75 N. W. 2d 122. The first cause of action exhibited no fact which required or permitted the court to exercise equitable jurisdiction or to administer any equitable relief. Appellant has not by his pleading or evidence claimed that there was the slightest obstacle to his pursuing an action at law and having therein a full and unimpeded adjudication of the rights he asserts. There is no claim in this cause that the evidence of the facts available in a court exercising equitable powers and administering equitable relief was not equally as available in a court of law or that the latter could not or would not have granted to appellant all the relief the evidence would have sustained. The trial court did not and could not legally award appellant any equitable relief in this case.

The conclusion of this court in Massman Construction Co. v. Nebraska Workmen's Compensation Court, 141 Neb. 270, 3 N. W. 2d 639, is appropriate in the situation of this case: "The plaintiff having instituted and prosecuted this case in the district court as an equitable action, and, after a complete hearing as such was had thereon, now seeks strictly a common-law relief therein, which a court of equity in the exercise of its equitable powers may not grant, and which, if originally presented as a case for original relief, such court, as a court of equity, would have no jurisdiction to entertain. It would seem within the reasons of the rule announced by the supreme appellate court of New York, as follows: ' "The opinion of this court, in Mann v. Fairchild (2 Keyes, 106, 111 et seq.), is that, 'if a party brings an equitable action, even now, when the same court administers both systems of law and equity, the party must maintain his equitable action upon equitable grounds, or

fail, even though he may prove a good cause of action at law on the trial.' * * *" ' "  See, also, Gillespie v. Hynes, 168 Neb. 49, 95 N. W. 2d 457.

This court has frequently and consistently maintained that if an adequate remedy exists at law, the litigant may not obtain relief in equity. The burden is on the party seeking relief to establish he has no remedy at law before he can succeed in a court of equity. Brown v. Reed, 72 Neb. 167, 100 N. W. 143, states: "Where an adequate remedy exists at law equity will not assume jurisdiction." The opinion says on this subject: "We are unable to see any grounds for the interposition of a court of equity in behalf of the plaintiff in this case. He has utterly failed to show that he is without an adequate remedy at law." See, also, Western Union Telegraph Co. v. Douglas County, 76 Neb. 666, 107 N. W. 985; Burkhardt v. Cihlar, 149 Neb. 712, 32 N. W. 2d 197; School Dist. No. 49 v. School Dist. No. 65-R, 159 Neb. 262, 66 N. W. 2d 561.

The granting of equitable relief in a cause is a prerequisite to the authority or jurisdiction of the court to determine an issue of personal liability and to render a judgment in a cause of action at law.

Reynolds v. Warner, 128 Neb. 304, 258 N. W. 462, 97 A. L. R. 1128, contains this: "When the trial court determined that the interveners were not entitled to equitable relief, the court was without power to determine the legal action without the intervention of a jury. * * * where there is no equitable relief granted, a court of equity will generally decline jurisdiction to enter a money judgment on a legal cause of action."

Gillespie v. Hynes, *supra,* approved the language last quoted and said: "Where no equitable relief is granted in a suit to foreclose a mechanic's lien, a court of equity is without authority to enter a personal judgment in favor of the mechanic's lien claimant."

Buck v. Village of Davenport, 168 Neb. 250, 95 N. W. 2d 488, declares: "If a cause of action for equitable re-

lief and a legal cause of action at law are joined in a cause and equitable relief is entirely denied, the court is without authority to determine the issue of personal liability and render a judgment on the cause of action at law."

A court exercising equity powers often declares an instrument void and cancels it. This is the administration of protective or preventive jurisdiction because the instrument may be vexatiously or injuriously used against the party seeking relief when conditions have changed to his disadvantage or injury.

In 9 Am. Jur., Cancellation of Instruments, § 4, p. 352, it is said: "This power of equity is, however, very exceptional in its character. The purpose of its exercise is * * * only to supplement the powers of courts of law where there is exceptional equity of a settled and recognized kind."

It is stated in 12 C. J. S., Cancellation of Instruments, § 31, p. 990, as follows: "Where, however, the defense to the enforcement of the instrument at law is not difficult or uncertain, and there exist no circumstances calling for equitable relief other than the invalidity of the instrument and the wrong that would result from its enforcement, courts of equity uniformly refuse to interfere, but remit complainant to his defense at law * * *."

Erickson v. First Nat. Bank of Oakland, 44 Neb. 622, 62 N. W. 1078, 48 Am. S. R. 753, 28 L. R. A. 577, was an action to restrain the defendants from the negotiation of a promissory note executed by plaintiff and for cancellation of the note. The note was invalid because of a material alteration of it without the consent of the maker. The court said: "A court of equity has no jurisdiction to enjoin the transfer or collection of such a note, since the maker has an adequate remedy at law."

Town of Venice v. Woodruff, 62 N. Y. 462, 20 Am. R. 495, was an action to enjoin holders of municipal bonds claimed to have been issued without assent of

the required percent of the taxpayers from transferring the bonds and to cancel them because they were alleged to be void. Relief was denied. The court said: "There must exist some circumstance establishing the necessity of a resort to equity, to prevent an injury which might be irreparable, and which equity alone is competent to avert. If the mere fact that a defence (defense) exists to a written instrument were sufficient to authorize an application to a court of equity to decree its surrender and cancellation, it is obvious that every controversy in which the claim of either party was evidenced by a writing could be drawn to the equity side of the court, and tried in the mode provided for the trial of equitable actions, instead of being disposed of in the ordinary manner by a jury."

In Allerton v. Belden, 49 N. Y. 373, it is said in the statement of the case that the: "Complaint prays that said promissory note be declared void." In the opinion the court said: "The mere fact that a party has made an agreement or given a security which is void for usury, is not, and never was, sufficient to entitle him to apply to a court of equity to have the contract annulled. The right to this relief exists only where from the form of the security the defence (defense) cannot be made available at law, or where the instrument sought to be avoided is a cloud upon the title to land, or some other necessity for the interposition of a court of equity is shown. The most usual ground for going into equity in such cases formerly was the necessity for a discovery, to prove the usury."

It is stated in 4 Pomeroy's Equity Jurisprudence (5th Ed.), § 1377, p. 1001, as follows: "The jurisdiction of equity to grant the remedy of cancellation exists and will always be exercised when it is necessary to protect or maintain equitable primary estates, interests, or rights; where, however, the estate, interest, or right is legal * * * its exercise depends upon the adequacy of the legal remedies,—a party being left to his affirmative

or defensive remedy at law, where full and complete justice can thereby be done."

The district court should not have dismissed the first cause of action but under the circumstances of this case it should have retained the cause of action of appellant for the recovery of money only for trial and determination as any other law action. Buck v. Village of Davenport, *supra;* Gillespie v. Hynes, *supra.*

The second cause of action of the second amended petition alleged in substance the following: The corporate status of appellee and that it was licensed by the state August 12, 1941, to conduct transactions as provided by and subject to the industrial loan and investment laws of the State of Nebraska. Appellant on August 2, 1955, executed and delivered to appellee a promissory note in the principal sum of $958.23 payable to its order in 18 monthly installments the last of which was due February 2, 1957. The interest charge on the loan represented by the note was in excess of the maximum prescribed by section 8-418, R. R. S. 1943. Demand was made on appellant, in a judicial proceeding later described, for interest in excess of the rates allowed by law. The payment of the note was secured by a chattel mortgage executed and delivered to appellee on the date of the note in which there was described the following property: One 1949 Ford Custom Tudor, serial #98BA 324 551, certificate of title #2-342176; one Yellow jacket 14 ft. Runabout Capri motor boat; one Evenrude boat motor #25012-41970; and one Mercury boat motor #532616 Q Model KG 7. The note was void because it was made in payment of a prior note which was also void and uncollectible, the new note included charges on the prior note accruing more than 60 days previously, and the principal amount of the note was more than the amount credited to appellant which was the sum of $915.88. Appellee made demand on appellant on or about November 1, 1955, for the payment of the note in the sum of $1,079.61. Appellee was indebt-

ed to appellant on account of illegal collections of money alleged in the first cause of action in the second amended petition in an amount greater than the amount of the loan which is the subject matter of the second cause of action. The note of August 2, 1955, is void and appellee is by law prohibited from collecting any principal, interest, or other charges thereon. Appellee has instituted a proceeding in replevin in the district court for Lancaster County, Nebraska, against appellant, docketed as 195-189, for the purpose of securing possession of the personal property described in the second cause of action and to enable appellee to foreclose the mortgage securing the payment of the note of August 2, 1955, and apply the proceeds of the security to the payment of the note. The writ of replevin was executed by the officer to whom it was directed. The prayer of the petition in the replevin action against appellant described above was for $1,079.61, more than the amount of the note of $958.23, and the amount demanded in the replevin petition is based on a computation of interest for the full period of the loan evidenced by the note, that is, for 18 months, in violation of law.

Appellee answered the second cause of action by an admission of its corporate status; that it was a licensee under the industrial loan and investment laws of the state; and that it had commenced a proceeding in replevin in the district court for Lancaster County, Nebraska, to secure possession of the personal property described in the chattel mortgage identified in the second cause of action of the second amended petition of appellant; a denial of all other allegations of the second cause of action; and a plea of another action pending in the district court for Lancaster County, docketed as 195-189, which was commenced by appellee against appellant long prior to the institution of the action involved in the pending appeal in this court. The replevin action involved all the issues presented in the second cause of action and they can and should be tried and

determined in the replevin case which is an adequate remedy at law.

The record shows that a replevin action was commenced in the district court for Lancaster County prior to and was pending therein at the time of the institution of the present case in which the pending appeal arose. The replevin case was commenced November 4, 1955, the writ of replevin was executed by the sheriff, and the property was taken and delivered to appellee that day. The case in which the pending appeal arose was instituted December 10, 1955. The parties to the two cases are identical. The validity of the note of August 2, 1955, was put in issue by the second cause of action and is the issue in the replevin case. A single transaction between the parties is the basis of the replevin case and of the second cause of action. The replevin case was an adequate remedy for trial and determination of the issues and a final adjudication therein would be a bar to the prosecution of the second cause of action and any judgment thereon. See American Loan Plan v. Frazell, 135 Neb. 718, 283 N. W. 836.

Appellee pleaded the fact of another action pending in its answer to the second cause of action in the present case. It reiterated the objection in a motion when the appellant completed his case-in-chief. The trial court found that the replevin action was pending when the second action was commenced, that the former involved the same subject matter as the second cause of action in the second case, and that the second cause of action should be abated and dismissed. A judgment of dismissal thereof was rendered.

In State ex rel. Chicago, B. & Q. R. R. Co. v. North Lincoln St. Ry. Co., 34 Neb. 634, 52 N. W. 369, it is said: "The pendency of a former suit between the same parties may be shown in abatement when a judgment in such suit would be a bar to a judgment in the second action." The opinion states: "It may be safely stated that, as a general rule, the pendency of a former action between

the same parties may be shown in abatement, where a judgment in such suit would be a bar to a judgment in the second suit brought in another court of concurrent jurisdiction. That one is an equitable action and the other a suit at law is immaterial, so long as both suits are based upon substantially the same facts." See, also, Spencer v. Johnston, 58 Neb. 44, 78 N. W. 482; Cahoon v. First Nat. Bank, 112 Neb. 462, 199 N. W. 830; Ashton v. Blue River Power Co., 117 Neb. 661, 222 N. W. 42.

The judgment abating the second cause of action herein should be and it is affirmed.

The judgment rendered on the first cause of action herein should be and it is reversed and the cause is remanded with directions to the district court for Lancaster County to try and determine it as an action at law.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.