TRUSTEES SYSTEM COMPANY OF NEWARK, A CORPORATION, PLAINTIFF-APPELLEE, v. CHARLES E. STOLL, DEFENDANT-APPELLANT.

Argued May 7, 1935—Decided June 11, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the defendant-appellant, *Louis J. Goldberg,* (*Ralph N. Solodar,* of counsel).

For the plaintiff-appellee, *Victor Samuel* (*Charles Blume,* of counsel).

PER CURIAM.

This action was brought against Charles E. Stoll (hereinafter called the defendant), one of the co-makers of a promissory note given to the plaintiff, in accordance with the Small Loan act. *Pamph. L.* 1932, *ch.* 62; *N. J. Stat. Annual* 1932, *p.* 48, §§ 35-22 to 35-49. The judge of the District Court, sitting without a jury, gave judgment for the plaintiff.

The defendant (appellant) urges that the trial court erred in denying his motion for the direction of a verdict, and the determination of that question will in effect dispose of every question argued.

It is first urged in support of that contention that "the defendant was not given a copy of the statute" and "was not given copies of receipts for moneys paid on account of said note" as directed by sections 13 and 14 of the Small Loan act. *N. J. Stat. Annual* 1932, *p.* 54, §§ 35-34, 35-35.

But in the circumstances of the case we think the defendant was not so entitled. The state of the case as agreed to and signed by the attorneys of the parties settled the fact to be that the defendant "signed the note at the request of one Elbert H. Mullen, son of the maker of the note," that the defendant "was told that Edward E. Mullen was the maker and was going to borrow $150," and that the defendant "signed the note at his home."

It was therefore to be legally inferred that the defendant was an accommodation co-maker.

The status of such accommodation party is well recognized in law and clearly defined in the Negotiable Instruments act (*Comp. Stat.,* p. 3738, § 29), in the words following:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or endorser, without receiving value therefor, and for the purpose of lending his name to some other person; * * *."

It is to be legally inferred from the state of the case that the defendant received no value therefor. Not only at the trial did it appear that Edward E. Mullen was the borrower but he is so treated in the argument and brief of the defendant. Since the Small Loan act provided merely that the loan company shall deliver to the *borrower* a copy of section 13, *supra*, and copies of receipts for payments made, the defendant was not entitled to such copies. The Small Loan act by section 14 reads (*supra*) :

"Every licensee shall: Deliver to the borrower at the time any loan is made a statement * * *. Give to the borrower a plain and complete receipt * * *."

Nowhere in the state of the case is there any indication that the defendant made any payments on account, nor was there any testimony that any payments at all were made.

It is further urged in support of the contention that a verdict should have been directed for the defendant, that the note is void "because blanks were left therein to be filled in after the execution thereof by the appellant."

The statute does provide that no instrument shall be taken by such licensee "in which blanks are left to be filled in after *execution.*" (Section 14, *supra*.) But by "execution" is meant both the signing and delivery of the instrument. The mere signing does not constitute execution. 8 *C. J.* 42; 23 *C. J.* 278.

Moreover, our Negotiable Instruments act provides:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto; * * *." *Comp. Stat., p.* 3737, § 16, and "Delivery means the transfer of possession, actual or constructive, from one person to another." *Comp. Stat., p.* 3756, § 191.

From the agreed state of facts it was legally to be inferred that after the maker and borrower, one Edward E. Mullen, procured the signature of the defendant and of the other accommodation co-makers, he returned alone to the office of the lending corporation and in his own handwriting filled in the remaining blanks, affixed his signature to the note and then the note was taken by the lending corporation and the sum of $150 was delivered over.

It was therefore competent for the trial judge, sitting without a jury, to infer, as he did, that when the delivery was made there were no existing blanks. And as we have seen "a promissory note has no legal inception or valid existence until it has been delivered." *Polhemus* v. *Prudential Realty Corp.*, 74 *N. J. L.* 570; 67 *Atl. Rep.* 303.

The foregoing observations completely dispose of every question argued, and we have considered no other question.

The judgment below will be affirmed, with costs.