**O. J. GILES v. FAMILY FINANCE SERVICE, INC., a Florida Corporation, et al.**

20 So. (2nd) 805                                    January Term, 1945
January 26, 1945                                             En Banc
Rehearing denied February 27, 1945

*Albert D'Arpa,* for appellant.

*Donald C. McMullen & Sons,* for appellee.

BUFORD, J.:

This cause is before us on stipulated record under Supreme Court Rule 11, paragraph (5), for review of final decree.

The stipulated record shows:

"On the 28th day of January, 1943, defandant, Family Finance Service, Inc., a corporation licensed to do 'Small Loan Business' in the State of Florida under Sections 516.01 et seq. of the 1941 Florida Statutes, served on the Tampa Shipbuilding Company, plaintiff Giles' employer, pursuant to Section 516.17 of the said Statutes, two certified copies of assignments of wages, one executed by John K. Smythe, one of the plaintiffs to the original bill of complaint, and the other by the plaintiff Giles; and also served on said employer a statement of the principal and interest due on the note secured by the assignments of wages. The assignments of wages, dated April 4, 1941, were executed in favor of defendant, Family Finance Service, Inc., and were given to secure payment of a promissory note, of even date, in the principal sum of $150.00, in favor of defendant, Family Finance Service, Inc.

"On the 18th day of February, 1943, O. J. Giles and John K. Smythe, as plaintiffs, exhibited their bill of complaint in the circuit court praying for an order of the court restraining the Tampa Shipbuilding Company, their employer, from with-

holding and paying any part of their wages to defendant Family Finance Service, Inc., and restraining the latter from demanding payment to it of ten per cent of the wages of Smythe and Giles. Thereafter in the amended bill of complaint Smythe was dropped as party plaintiff for the reason that Family Finance Service, Inc., admitted that the assignment of the wages executed by Smythe could not be legally enforced. After the filing of the amended bill of complaint the cause proceeded with O. J. Giles as the only party plaintiff.

"On stipulation of the parties to the cause, the Court entered its order on the first day of March, 1943, requiring the Tampa Shipbuilding Company to pay to Smythe all moneys withheld from him and to withhold ten per cent of Giles' wages until the amount withheld equaled to the sum of $126.00 or until the further order of the Court.

"The pertinent allegations of the amended bill of complaint are in sub-paragraphs (a), (c) and (g) of paragraph VI as follows:

" '(a) That the plaintiff is not the 'borrower' of the money secured by the said assignment of wages. Plaintiff was merely signer of the note, evidencing the loan, for the accommodation of the 'borrower' whose signature appears first on said note, and that the borrower of said money was and is a person other than the plaintiff, all of which is well known to the Family Finance Service. For the foregoing reasons said assignment of wages cannot be enforced under said Section 516.17 of the 1941 Florida Statutes. It therefore follows that the notice of assignment of wages, given to the Tampa Shipbuilding Company by the Family Finance Service under said Section 516.17 of the 1941 Florida Statutes was without authority and should have been ignored by the Tampa Shipbuilding Company.'

" '(c) That the said assignment of wages cannot be enforced under said Section 516.17 of the 1941 Florida Statutes for the reason that the amount of the loan made to the 'borrower' was not paid to such 'borrower' simultaneous with the execution of such assignment.'

" '(g) That the said Section 516.17 is unconstitutional and invalid in that it provides for the taking of property without due process of law.'

On motion of the defendant Family Finance Service, Inc., sub-paragraphs (a), (c) and (g) of paragraph 6 of the amended bill of complaint were stricken by the Court by its order of the 22nd day of June, 1943, recorded in Chancery Order Book 335, page 460. Thereafter, defendant Family Service, Inc., filed its answer to the unstricken portions of the amended bill of complaint. There was no testimony taken. The time for the taking of testimony having expired, on motion of the defendant Family Finance Service, Inc., the Court dismissed the amended bill of complaint with prejudice to the plaintiff Giles, and ordered the moneys withheld by the Tampa Shipbuilding Company, amounting to the sum of $126.00, be paid to defendant Family Finance Service, Inc., by its final decree dated January 29, 1944, recorded in Chancery Order Book 345, page 376.

The questions presented by the appeal are as follows:

"Question No. 1. May a licensee, operating under the small loan act, avail himself of the statutory remedy provided by Section 516.17, 1941 Florida Laws, as against an accommodation maker of a promissory note who also gave such licensee an assignment of his future wages to secure payment of such promissory note?"

"Question No. 2. Is an assignment of wages made pursuant to Section 516.17 of the 1941 Florida Statutes valid if the amount of the loan is not paid to the 'Borrower' simultaneously with is execution?

"Question No. 3. Does Section 516.17 of the 1941 Florida Statutes violate the due process clause of the State and Federal Constitutions?"

The assignments of error relied on by plaintiff Giles are as follows:

"1. The chancellor erred in making and entering his final decree.

"2. The chancellor erred in his order of the 22nd day of June, 1943, striking sub-sections (a), (c) and (g) of para graph VI of the amended bill of complaint."

As we construe the facts as disclosed by the record, supra, the three persons who executed the note and assignments of wages to appellees became and were jointly and severally borrowers of the sum of money borrowed, and the delivery of that money to either of the borrowers was a delivery to all and singular the borrowers, and the delivery of the statement and of a copy of the statute as required by Sec. 516.17 Fla. Statutes 1941 (same F.S.A.) to either of such borrowers was a compliance with the statute in this regard. See 50 Am. Jur. page 252; McGoldrick v. Family Finance Corporation, 22 N.Y. Sup. (2nd) 186, 41 N.E. (2nd) 86; also Atta v. Bergin, 180 Atl. 298, wherein the Supreme Court of Connecticut said: "but it is obvious that the reason for the requirement of the statement is to inform the borrower and, through him, his co-makers of the time or times when he and they may be called upon to pay the note in whole or in part, and this includes information not only of the time of its maturity in regular course, but also of the occurrences which would make it payable at an earlier date."

If we should hold that the co-maker in this case was not protected by the statute as a "borrower," then he would be outside the statutory requirements and would be bound by his contract as surety for the debt of another, and as to him, if the primary obligation was sufficient to bind the borrower, he would be bound to perform his obligation of surety. See Trustees System Co. of Newark v. Stoll, 13 N. J. Misc. 490, 179 Atl. 372.

The other question presented here challenges the constitutionality of Sec. 516.17 Fla. Stat. 1941 (same F.S.A.) on the ground that its provisions are repugnant to the due process clause of the State and Federal Constitutions. We find no merit in this contention.

The decree is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL, ADAMS and SEBRING, JJ., concur.

THOMAS, agrees to conclusion.

BROWN, J., dissents.