ROBERTS, Justice.
The plaintiff-appellee, a small loan company, was successful in its suit to foreclose a chattel mortgage on household goods securing a loan of $280 made by it to the defendants, Mr. and Mrs. Vann, and the Vanns have appealed from the final decree of foreclosure.
The note and mortgage were the last in a series of eighteen transactions between the plaintiff and the Vanns, starting in 1946 with a loan of $60. The plaintiff’s records were incomplete, so it could not be said with certainty that the Vanns ever “paid out” any one loan completely, although the plaintiff’s manager, Widemier, testified that he didn’t think they did. In any event, the record shows that, as of November 12, 1949, the original indebtedness had increased from $60 to $300. At that time, the Vanns executed what Widemier referred to as a “renewal” note and mortgage in the amount of $300, out of which sum $230.79 was deducted to pay the balance due on a prior obligation; $12 for insurance; $2.15 for recording fee and documentary stamps; and $55.06 in cash to the Vanns. The obligation carried interest at the rate of 31/2 percent per month “on unpaid principal balance until 24 months after Date of Loan, and thereafter at maximum rate permitted by Florida Law.” This same pattern was followed in the subsequent renewals — seven in all — shown by this record. Each renewal paid off an existing indebtedness, and the old notes and mortgages were marked “paid” and returned to the Vanns. Each time, the Vanns were charged with the amount of the documentary stamps and the fee for recording the new obligation and, sometimes, for insurance; and after deducting these items and the balance due under the old obligation, a small amount in cash was paid over to them. The obligation here sued upon was executed on January 26, 1955, in the amount of $280, payable in 24 monthly installments of $17.44 each. It paid off an old balance of $250.29 due on the previous obligation; and after deducting this amount, $11.20 for insurance, and 40 cents for documentary stamps, $18.11 remained, which was paid to the Vanns in cash, according to Widemier.
Each time the loan was renewed, the Vanns were required to pay the interest due on the unpaid balance of the old loan, *550 apparently at the rate of Z]/z percent per month. There is nothing in the record to show exactly how this was done, although counsel for the Vanns would have us assume that the Vanns would pay the unpaid interest due on the old balances out of the proceeds of the new loans paid over to them in cash. Counsel then argues, on this assumption, that the net effect of this procedure is the compounding of interest, as prohibited by Section 516.14, Fla.Stat.1955, F.S.A., of the Small Loan Act, and relies on Madison Personal Loan v. Parker, 2 Cir., 124 F.2d 143, 146, as authority for his contention that the note and mortgage are thus void. There, the borrower entered into a renewal note in the amount of $287 at the maximum rate allowed under the New York Small Loan Law, Banking Law, McKinney’s Consol.Laws, c. 2, § 340 et seq., and the principal amount and interest due under the old obligation were deducted from the principal amount of the new obligation and the balance paid over to the borrower. Thus, the records of the insurance company reflected conclusively the payment of interest on interest at the small loan rate, which was held to be a violation of a section of the New York Small Loan Law almost identical with Section 516.14, supra. Whether the company’s records reflect it or not, if a small loan company does, in fact, advance to a borrower the cash to pay the delinquent interest and incorporate this amount in the new loan, it would seem that this would violate the spirit of the Small Loan Act, if not the letter. As stated in Madison Personal Loan v. Parker, supra, “Interest at 3 per cent a month soon becomes substantial, and, constant renewal of the loans would increase the principal until the interest on the original principal would reach the proportions formerly found when only loan sharks operated. Loopholes in statutes are best closed by complete closing.”
Here, however, in addition to the fact that there was no proof that this was the procedure followed by the plaintiff, it has also been pointed out by counsel for plaintiff that no issue on this point was made by the pleadings. “If unlawful demands, charges, or exactions dehors the face of the mortgage itself have been perpetrated under guise of a contrary construction of the mortgage by the lender in violation of section 13 of the statute, so as to render void the obligation under that section, such invalidity must be set up as an affirmative defense in an answer, and duly established by proofs, in order to avail defendant.” Mason v. City Finance Co., 1933, 113 Fla. 73, 151 So. 521, 523.
The Vanns’ defenses to the foreclosure suit were (1) that the note and mortgage were executed in blank by Mr. Vann, one of the comakers, as prohibited by Section 516.16, Fla.Stat.1955, F.S.A.; and (2) that the note and mortgage covered the period from January 26, 1955 to February 1, 1957 and “constitute contracts for a loan for a period of longer than 24 months after making the loan in violation of Section 516.20 Florida Statutes [F.S.A.], * * * ”
As to defense numbered (1) above, it appeared that Mrs. Vann signed the note and mortgage after they were filled in, and the statement of the indebtedness was given to her. In these circumstances, and in the absence of an express statutory provision that non-compliance in this respect will invalidate the contract or loan, it must be held that the failure of the plaintiff to comply with this requirement of the statute did not make the note and mortgage “void and unenforceable”, as alleged by the Vanns. Cf. Giles v. Family Finance Service, 155 Fla. 506, 20 So.2d 805.
As to defense number (2), supra, Section 516.20, Fla.Stat.1955, F.S.A., provides that “No licensee shall enter into any contract for a loan for a period of longer than twenty-four months after making the loan.” Clearly, this provision was intended to limit the period during which the loan company could charge interest at the rate of 3J^ percent per month on any one obligation; and since the note and mortgage here sued upon expressly provided that, after 24 months, the interest rate should be “at maximum rate permitted by Florida law,” there was no violation of this section of the Act.
*551 No issue was made below, nor here, as to the propriety of the procedure here followed by the plaintiff of issuing “renewal” obligations on an original indebtedness, in the guise of new loans, which, when added together, far exceed the 24-month period in which a small loan company is authorized to charge interest of percent per month. We mention this out of an excess of caution, for fear that our failure to do so might be construed as an approval of this procedure. This opinion is not to be so construed.
No error on the part of the Chancellor having been made to appear, the decree appealed from should be and it is hereby
Affirmed.
TERRELL, Acting C. J., and THORN-AL and O’CONNELL, JJ., concur.