GLENN O. JOURDON, APPELLANT, v. THE COMMONWEALTH COMPANY, A CORPORATION, APPELLEE.

104 N. W. 2d 681

Filed August 19, 1960.   No. 34626.

See 169 Neb. 482, 100 N. W. 2d 84, for original opinion.

*Ewald D. Warnsholz*, for appellant.

*Ginsburg, Rosenberg & Ginsburg* and *Norman M. Krivosha*, for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

A further consideration of this case after the submission of motions for rehearing has convinced that parts of the syllabus and opinion reported as Jourdon v. Commonwealth Co., 169 Neb. 482, 100 N. W. 2d 84, are inapplicable to this case and that the following parts of the syllabus and opinion should be and they are withdrawn:

1. Paragraphs numbered 1 to 5, inclusive, of the syllabus.

2. The part of the opinion as it appears in the official report above cited concerning the first cause of

action of the second amended petition of appellant immediately following the quotation from section 8-432, R. R. S. 1943, on page 488 of the official report, to and including the first full paragraph near the top of page 494 of the official report.

There should be and is substituted in lieu of the matter withdrawn as described in paragraph numbered 2 above what is hereafter stated as a part of the opinion concerning the first cause of action of the second amended petition of appellant: The principal of each of the six promissory notes given by appellant to appellee involved and described in the first cause of action of the second amended petition of appellant is for a greater amount than $550. The rate of charges on the unpaid principal balance until maturity of each of the notes was the maximum allowed to be charged by an industrial loan and investment company. Maximum interest charges were made simultaneously on the obligations of appellant to appellee existing at the same time as follows: From April 17, 1954, until June 24, 1954, on notes 1 and 2; from June 24, 1954, until August 3, 1954, on notes 1, 2, and 3; from August 3, 1954, until August 7, 1954, on notes 1, 2, 3, 4, and 5; from August 7, 1954, until November 15, 1954, on notes 3, 4, and 5; and from November 15, 1954, until July 26, 1955, on notes 4 and 6.

The district court found concerning the first cause of action of the second amended petition of appellant that appellee did not induce or permit appellant to become obligated by more than one contract of loan at the same time for the purpose of appellee obtaining a higher rate of charge or interest than would have been permitted if all the obligations of appellant to appellee had been consolidated into one obligation, in violation of the applicable statute; that appellee desired to and did offer to consolidate the obligations of appellant into a single one but appellant requested and insisted that each loan be made separately; that the parties were in agree-

ment on separating the loans appellant had contracted at various times with appellee; that appellee had no unlawful intent and purpose interdicted by the applicable statute in connection with any of the loans involved herein and there was no violation of law by appellee; that the loans concerned in this cause were each solicited by appellant for his benefit and advantage and he cannot now complain thereof or take advantage of appellee by reason of acts committed by it at the request of appellant and for his advantage; and that appellee did not exact any charges in excess of those prescribed by section 8-418, R. R. S. 1943. The judgment of the trial court was a dismissal of that cause of action of appellant.

The first loan by appellee to appellant was made April 8, 1954, and it was due June 8, 1954. It was paid August 7, 1954. The second loan by appellee to appellant was made April 17, 1954, was due June 17, 1954, and was paid to appellee August 7, 1954. These two loans concerned the automobile business of appellant. The third loan by appellee to appellant was made June 24, 1954. It concerned the nursing home business conducted by appellant. It was due August 24, 1954. Appellee offered evidence that when the third loan was applied for and was being negotiated, it proposed that the previous loans to appellant be consolidated with the third loan appellant had applied for but appellant asserted he wanted to keep the loans separate as the first two loans mentioned were in reference to his automobile business and the third was a part of his nursing home activity. Appellee produced evidence that its transactions with appellant were represented by several loans and separate notes at his specific request and for his special accommodation. This does not explain why appellee had prior to that time taken two separate obligations of appellant each for more · than $550 only 10 days apart, each with maximum interest charges, and each of which concerned his automobile business. Appellant testified he did not recall a request by appellee

to consolidate the loans made to him and that he did not refuse at any time to make the loans into one obligation.

Appellee says the several loans and a separate note representing each were made at the request and to accommodate appellant and not for the purpose of obtaining a higher rate of charge than would have been lawful if they had represented one obligation. The six notes concerned in the first cause of action each provided for graduated interest rates at the maximum permitted by law. If appellee had desired a proper arrangement it could have provided for 9 percent interest on any note executed by appellant during the time a previous note of his was unpaid. The prohibition of the statute is not that there shall not be more than one loan during any period of time but it is that there shall not be charged 36 percent on the first $50 of unpaid principal and 18 percent on the next $500 of unpaid principal on more than one loan at the same time. § 8-418, R. R. S. 1943. There may be as many contracts of loan at the same time as the parties desire but the several loans when considered together must not violate section 8-419, R. R. S. 1943.

Appellee argues that to be a violation of the statute it must be found as a matter of fact that the object of the lender in permitting more than one loan of a single borrower to exist at the same time was to obtain a higher rate of interest than would be lawful if there was but a single obligation. It is true that the statute prohibits an industrial loan and investment company from allowing any borrower to become obligated to it under more than one contract of loan at the same time for the purpose of obtaining a higher rate of interest than would be permitted if all the obligations of the borrower were consolidated into one obligation. A consideration of the acceptance by appellee of six separate obligations of appellant, each providing for maximum interest charges and as many as five of them existing simultaneously, two of which were made in one month,

two of which were executed on the same day, and all incurred within a period of less than 9 months, makes it permissible if not inescapable to find that the obligations of the borrower were made in that manner because of the higher rate of interest charged thereon and realized therefrom. The conceded acts of appellee speak more convincingly than its explanation of the reason for the acts. Appellee asserts that the multiple obligations of appellant were induced by him for his sole benefit and by his request, solicitation, and direction to enable him to conveniently carry on his business engagements and activities and not for the advantage of appellee but in opposition to the suggestion and desire of appellee that the obligations be consolidated into one. Appellee argues that simply splitting loans and charging lawful rates on each loan if not done to obtain a higher rate of charge than is permitted by law is not a violation thereof but to have that effect it is necessary that a single transaction be divided for the purpose of obtaining a higher rate of interest. The statute does not prevent the making of more than one loan to a borrower at the same time. It does condemn charging maximum interest prescribed by section 8-418, R. R. S. 1943, on the unpaid principal of more than one loan made to a borrower and existing at the same time for the purpose of obtaining a higher rate of charge. The prohibition of the statute is that the loan company shall not permit any person to become obligated on more than one contract of loan at the same time if the purpose therefor is a higher charge than if there was only a single obligation. The statute requires the loan company to be unyielding to any entreaty of the borrower that the company violate this prohibition. If the proffered justification offered by appellee in this case is a valid one, the statute would be, for all practical purposes, ineffective. It could always be claimed when there were two or more obligations, as it is represented

in this case, that each loan was made for the purpose of assisting or accommodating the borrower by complying with his desire and request.

Appellee argues in support of the judgment of dismissal by the trial court of the first cause of action of the second amended petition of appellant that it is correct because the cause of action was for the recovery of a forfeiture and a penalty; that any cause of action therefor accruing more than 1 year before the commencement of this action was required by the statute to have been instituted, if at all, within 1 year from the date of the accrual of any cause of action therefor; and that the alleged cause of action of appellant was barred by the statute of limitations.

Four of the first five loans made by appellee to appellant and the notes given by the latter to the former representing such loans as described and identified in the first cause of action were paid and fully discharged by him more than 1 year before the commencement of this action and not later than November 15, 1954. The action was commenced by appellant on December 10, 1955. The fourth loan and the note representing it as described in the first cause of action herein was paid and discharged on July 26, 1955. The sixth loan and the note representing it as described in the first cause of action herein was paid and discharged August 2, 1955. The relevant part of section 25-208, R. R. S. 1943, states: "The following actions can only be brought within the periods herein stated: Within one year, * * * an action upon a statute for a penalty or forfeiture * * *."

The argument of appellee in this regard cannot be accepted. It is contrary to what is said and decided in Abel v. Conover, *post* p. 926, 104 N. W. 2d 684, as follows: "In McNish v. General Credit Corp., *supra* (164 Neb. 526, 83 N. W. 2d 1), plaintiff brought a suit to void an installment loan contract because of excessive

interest charges therein as limited by section 45-138, R. S. Supp., 1953, and to recover back the payments made thereon by the plaintiff. * * * Applicable statutes are therein cited to the effect that such a loan is void and that the licensee shall have no right to collect or receive any principal, interest, or charges on such loan. This court concluded, from the language used in the statute, that the Legislature intended that a lender should have nothing in such a situation and that the borrower should have a judgment for the payments made. The effect of the statute as thus construed is that the purchaser retains the subject of the purchase, the note given in payment is void and uncollectible, and the purchaser is entitled to recover back any payments made thereon. Is the action to recover back the payments made an action to recover a penalty? We think not. The suit is not one for the recovery of damages. It is for the recovery of money actually paid to a licensee under a void installment loan which the licensee under the statute was not authorized to collect or to receive any payment thereon. * * * Under a statute making a contract void that is not in compliance therewith, and providing that it is unlawful to collect or receive payments thereof, an action to recover payments unlawfully received is not an action to recover a penalty. It is simply an action to recover money had and received, having none of the attributes of an action for the recovery of a penalty."

The entire last paragraph of the opinion as it appears in the official report is withdrawn and there is substituted in lieu thereof the following: The judgment should be and it is reversed and the cause is remanded with directions to the district court for Lancaster County to render a judgment against appellee in favor of appellant for the amount actually paid by him upon the six promissory notes described in the first cause of action of the amended petition with interest at 6 percent

per annum upon each installment paid by appellant to appellee from the date of the payment thereof.

FORMER OPINION MODIFIED.

MOTIONS FOR REHEARING OVERRULED.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.