JOE DOUGHERTY ET AL., APPELLANTS, v. THE COMMONWEALTH COMPANY, A CORPORATION, APPELLEE.

109 N. W. 2d 409

Filed June 9, 1961. No. 34922.

*Ewald D. Warnsholz,* for appellants.

*Ginsburg, Rosenberg & Ginsburg* and *Norman M. Krivosha,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action by Joe Dougherty and Laverne Dougherty, who are husband and wife, plaintiffs and appellants, against The Commonwealth Company, a corporation, defendant and appellee, to have declared invalid a loan or loans in the amount of $6,000, evidenced by two promissory notes for $3,000 each, made by the defendant to plaintiffs on November 16, 1957; and to recover judgment for the payments made thereon with interest at the rate of 6 percent per annum and costs.

In the action the defendant filed an answer denying any right of recovery by the plaintiffs and a cross-petition the purpose of which was to seek foreclosure of mortgages given to secure the payment of the notes.

After issue was joined the plaintiffs moved for summary judgment in their favor. The defendant moved for summary judgment in its favor. A judgment

was rendered denying and overruling the motion of plaintiffs and dismissing their petition with prejudice. The motion of the defendant was sustained and a judgment was rendered in its favor for $3,518.04 with interest at the rate of 9 percent per annum from the date of the judgment. By the judgment foreclosure of mortgages which were given to secure the notes was decreed.

A motion for new trial was duly filed by plaintiffs. This motion was overruled. An appeal was duly taken by the plaintiffs. As grounds for reversal of the judgment on appeal the plaintiffs assert that the judgment is contrary to law, and that it is not sustained by sufficient evidence.

As has been indicated the parties presented this case to the district court for determination under the processes provided by the Summary Judgment Act of this state, or sections 25-1330 to 25-1336, R. R. S. 1943, and neither party makes any contention on this appeal that any of these processes were violated or disregarded. It appears to be accepted by the parties that the only question is that of whether or not the judgment rendered is supported by the record which was before the court.

To the extent necessary to state here, the record contained first a petition in which the plaintiffs alleged they were residents of Lancaster County, Nebraska; that the defendant was a Nebraska corporation licensed as an industrial loan and investment company subject to the industrial loan and investment laws of the state as set forth in sections 8-401 to 8-433, R. R. S. 1943, and section 8-429, R. S. Supp., 1957; that on November 16, 1957, the defendant loaned to plaintiffs $6,000 with principal and interest to be repaid in 60 monthly installments beginning December 16, 1957, and ending November 16, 1962; that the loan was evidenced by two promissory notes executed on November 16, 1957; that the defendant was not entitled to collect any principal or interest on the loan of $6,000 for the reason that it was

violative of the installment loan provisions and was usurious, and for the reason that the loan was divided into two promissory notes for the purpose of collecting rates of interest in excess of that permitted by section 8-418, R. S. Supp., 1957, in violation of section 8-419, R. R. S. 1943, and also in violation of section 8-429, R. S. Supp., 1957, which limits the loan period of an installment loan to 36 months, all of which is condemned as unlawful by section 8-432, R. R. S. 1943; and that the plaintiffs paid on the loan 26 monthly installments of $140 each amounting to a total of $3,640 for which they are entitled to have judgment with interest at 6 percent per annum from the date the installments were paid.

Appended to the petition are copies of two promissory notes dated November 16, 1957, payable to the defendant, the originals of which were signed by the plaintiffs. One note is for $3,000 payable in 36 monthly installments of $104 each. The rate of interest is $1\frac{1}{2}$ percent a month on the unpaid balance on that part not in excess of $1,000, 1 percent a month on the balance in excess of $1,000 and not in excess of $3,000, and $\frac{3}{4}$ of 1 percent a month on any amount in excess of $3,000.

The other note was for $3,000 payable in installments over a period of 5 years. The first 36 installments were in the amount of $36. The balance was to be paid thereafter in 23 installments of $140 each with a final payment of the unpaid balance. This note was to bear interest at the rate of $\frac{3}{4}$ of 1 percent a month.

By the answer the defendant pleaded that two contracts of loan were entered into, one of which was for $3,000 to be repaid in 60 months, and the other was for $3,000 to be repaid in 36 monthly installments. It denied that the making of the two loans at the same time resulted in the making of more than one contract of loan for the purpose of obtaining a higher rate of charge than would be permitted if all of the obligations were consolidated in one obligation. It denied that the defendant ever intended to obtain a higher rate of charge than would

be permitted if all the obligations were consolidated into one obligation.

By its cross-petition the mortgages which were given to secure the notes were pleaded and it was further pleaded that the payments on the notes were delinquent, in consequence of which the defendant was entitled to have the mortgages foreclosed.

The plaintiffs filed a responsive pleading to the answer and cross-petition the contents of which do not require repetition here.

To support its position the defendant filed an affidavit made by Sumner E. Copple, president of the defendant, who will hereinafter be referred to as Copple. The affidavit contains nothing in its substance which departs from the allegations of fact contained in the answer and cross-petition. In it the transaction or transactions involved are designated as two rather than one loan.

The plaintiffs took the deposition of Copple. This deposition was before the court when the case was tried. In it, as to installment payments, Copple stated in substance that the statement in the note that the 23 installments were to be $140 each was a clerical error, and that it should have been $101.70 instead. This stands uncontradicted and for the purposes of this case his statement will be accepted as true.

In the deposition, wherein the only evidentiary characterization of the transaction was made, in response to a question Copple stated that the loan finally made was "Six thousand dollars." In response to a request that he explain why two notes and two mortgages were taken, he answered: "A- Yes; when Mr. Dougherty came in he said he wanted to borrow six thousand dollars. I already knew Joe, I told him that we'd make the loan, and we talked about the payments which were a little over two hundred dollars a month, in fact, we first started to draw the note that way, and he said he didn't believe he could make payments of over two hundred a

month, that the maximum that he could make would be $140. So I said, 'Well, we could divide the note and make one a second mortgage at nine percent we could take it any length of time we wanted to and work the payments around any way we wanted to as long as it was nine percent simple interest.'

"So he said, 'Well, that would be fine,' he didn't care about that just so he got it. I also told him that it would mean a reduction in our interest when we dropped from the maximum rates to three-quarters of a percent or nine percent, not of considerable, but we were willing to make the loan anyhow, and he said, 'All right,' and—."

In testimony relating to money due on an earlier loan than this transaction he characterized this transaction as single in the following words: "That was repaid when he completed the second loan of six thousand dollars, * * *." Then finally the deposition contains the following: "Q- Is it correct to say, Mr. Copple, that there was no split of this six thousand dollars so far as Mr. Dougherty's use or taking of the money is concerned, of course, he didn't take three thousand dollars separately for one purpose and three thousand dollars separately for another, did he? A- No; but he took the money at the same sitting. Q- It was handled as one six thousand dollar — A- One transaction. Q- In all respects, is that right? A- Yes."

The loan under the plan devised, as is clearly disclosed and without controversy, was a single installment loan for 60 months. This was clearly violative of the Industrial Loan and Investment Company Act which prohibits a loan thereunder in excess of 36 months. Section 8-429, R. S. Supp., 1957, which is controlling, contains the following: "Every loan made under this act shall be repayable within a period of thirty-six months or less in approximately equal or declining installments of principal and interest at approximately equal intervals."

The loan was also violative of the Industrial Loan

and Investment Company Act in that, as is apparent, in pretext and appearance two loans were made but in fact there was but one which was divided for the purpose of obtaining a higher rate of charge than would be permitted in the case of a single and legal loan. Section 8-419, R. R. S. 1943, which controls here, is as follows: "No industrial loan and investment company shall induce or permit any person, nor any husband and wife, jointly or severally, to become obligated, directly or contingently or both, under more than one contract of loan at the same time for the purpose of obtaining a higher rate of charge than would be permitted if all of the obligations of such person to such company were consolidated into one obligation."

By the following terms of section 8-432, R. R. S. 1943, these violations of section 8-419, R. R. S. 1943, and section 8-429, R. S. Supp., 1957, rendered the loan void and denied the right of the defendant to collect any principal, interest, or charges thereon: "If the industrial loan and investment company shall fail to comply with any of the provisions of sections 8-418 to 8-433, in the making or collection of any loan which is subject to said sections, the loan shall be void and the lender shall have no right to collect and receive any principal, interest or charges."

It is also true, in the light of the statute and the decisions of this court which are definitive of the rights of parties to an illegal installment loan, that the obligors are entitled to recover back all payments made on the loan.

In Robb v. Central Credit Corp., 169 Neb. 505, 100 N. W. 2d 57, it was said: "The effect of such violation is to make such contract void and uncollectible and a lender should have nothing in such a situation, and the lender, or those to whom any payments have been made thereunder, must return the payments received." As to this and other statutory prohibitions of like import, see, Powell v. Edwards, 162 Neb. 11, 75 N. W. 2d 122;

McNish v. General Credit Corp., 164 Neb. 526, 83 N. W. 2d 1; A-1 Finance Co., Inc. v. Nelson, 165 Neb. 296, 85 N. W. 2d 687; Jourdon v. Commonwealth Co., 169 Neb. 482, 100 N. W. 2d 84, on motion for rehearing, 170 Neb. 919, 104 N. W. 2d 681.

It is pointed out, and on the record correctly so, that this loan was handled in the manner indicated with full knowledge and acquiescence of the plaintiffs. This however can avail the defendant nothing. In Jourdon v. Commonwealth Co., 170 Neb. 919, 104 N. W. 2d 681, where a like justification was advanced without avail, this court said: "The statute requires the loan company to be unyielding to any entreaty of the borrower that the company violate this prohibition. If the proffered justification offered by appellee in this case is a valid one, the statute would be, for all practical purposes, ineffective." See, also, McNish v. General Credit Corp., *supra*.

In the light of these observations it becomes clear that the court erred in sustaining the motion of the defendant for summary judgment in its favor and in denying the motion of plaintiffs for summary judgment in their favor.

The judgment of the district court is therefore reversed and the cause remanded with directions to render judgment in favor of plaintiffs on their motion and to deny the motion of the defendant for summary judgment in its behalf.

REVERSED AND REMANDED WITH DIRECTIONS.

CARTER and BOSLAUGH, JJ., dissenting.

We do not agree with the holding in this case that the loan in question violated the provisions of the Industrial Loan and Investment Company Act.

Section 8-419, R. R. S. 1943, which prohibits the splitting of loans "for the purpose of obtaining a higher rate of charge," is not involved in this case because the second note bears interest only at the rate of 9 percent per annum. In Jourdon v. Commonwealth Co., 170 Neb.

919, 104 N. W. 2d 681, which involved a series of loans, each bearing interest at the maximum rate, the court said: "If appellee had desired a proper arrangement it could have provided for 9 percent interest on any note executed by appellant during the time a previous note of his was unpaid. The prohibition of the statute is not that there shall not be more than one loan during any period of time but it is that there shall not be charged 36 percent on the first $50 of unpaid principal and 18 percent on the next $500 of unpaid principal on more than one loan at the same time. § 8-418, R. R. S. 1943. There may be as many contracts of loan at the same time as the parties desire but the several loans when considered together must not violate section 8-419, R. R. S. 1943. * * * The statute does not prevent the making of more than one loan to a borrower at the same time. It does condemn charging maximum interest prescribed by section 8-418, R. R. S. 1943, on the unpaid principal of more than one loan made to a borrower and existing at the same time for the purpose of obtaining a higher rate of charge. The prohibition of the statute is that the loan company shall not permit any person to become obligated on more than one contract of loan at the same time if the purpose therefor is a higher charge than if there was only a single obligation." The requirement of section 8-419, R. R. S. 1943, is satisfied if the rate of charge on all outstanding contracts is no higher than would be permitted if all contracts were consolidated into one obligation.

Section 8-429, R. S. Supp., 1957, which requires loans to be repayable within 36 months, is by its terms applicable to loans "made under this act." This limitation was intended to apply only to that part of a loan which bears interest at a rate in excess of 9 percent per annum. This appears to be the holding of other courts dealing with the subject. Vann v. Accounts Supervision Co. (Fla.), 88 So. 2d 548, 58 A. L. R. 2d 1260. See Annotation, 58 A. L. R. 2d 1263. In the Vann case the court said:

"As to defense number (2), supra, Section 516.20 Fla. Stat. 1955, F. S. A., provides that 'No licensee shall enter into any contract for a loan for a period of longer than twenty-four months after making the loan.' Clearly, this provision was intended to limit the period during which the loan company could charge interest at the rate of 3½ percent per month on any one obligation; and since the note and mortgage here sued upon expressly provided that, after 24 months, the interest rate should be 'at maximum rate permitted by Florida law,' there was no violation of this section of the Act."

Corporations organized and licensed under the Industrial Loan and Investment Company Act have the powers conferred upon general corporations in addition to those specifically conferred upon industrial loan and investment companies. § 8-407, R. R. S. 1943. There is no limit upon the amount that may be loaned under the act. § 8-418, R. S. Supp., 1957.

The court has approved multiple contracts with one borrower if the maximum rates are not charged in more than one contract at the same time. The notes in question would have been valid if made as separate transactions at different times. We believe that they are also valid even though made at one time and as part of one transaction.

The judgment of the district court was correct and should have been affirmed.